UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DAVID BURGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4006 |
| | ) | |
| GREG DONATHAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently detained at Rushville Treatment and Detention Center brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a violation of the First Amendment. The matter comes before this Court for ruling on the Plaintiff's Motion for Partial Summary Judgment and Motion to Compel. (Docs. 24, 33). The motions are denied.

### Plaintiff's Motion for Partial Summary Judgment (Doc. 24)

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Plaintiff seeks summary judgment on his allegations that "Defendants can produce no unassailable scienti[fic] evidence to prove that the use of lawful media, however explicit or pornographic, is detrimental to the treatment of sex offenders," and "Defendants cannot argue that the unobstructed receipt/ownership of any lawful media, even if explicit or pornographic, presents a prov[able] threat to the security of the facility, its staff, or its residents." (Doc. 24 at 1). Plaintiff did not present his motion in the format required by local rule, nor did he outline the facts he contends are undisputed other than the assertions set forth above. He relies solely upon the Defendants' failure to respond specifically to these allegations in their Answer.

The Court's Merit Review Order found that Plaintiff stated a First Amendment claim for the alleged denial of materials he asserts warrant constitutional protection. (Doc. 9). The Merit Review Order directed Defendants to file an answer "to the issues and claims stated in this opinion." *Id.* at 3, ¶ 7; *see also* CDIL L.R. 16.3. Pursuant to this Order, Defendants were not required to respond to the specific allegations in Plaintiff's complaint.

Defendants' failure to respond does not entitle Plaintiff to summary judgment in his favor; he must still show that he is legally entitled to it, with the facts viewed in the light most favorable to Defendants. Fed. R. Civ. P. 56(e)(2); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Plaintiff has not provided sufficient evidence to show that the materials at issue were protected under the First Amendment, or that the Defendants' reasons for denying access to this material was not rationally related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Defendants' alleged inability to produce certain evidence does not foreclose the possibility that other legitimate reasons may have justified any intrusion upon Plaintiff's First Amendment rights. The Court finds that Plaintiff has failed to show that he is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment is denied.

**Plaintiff's Motion to Compel (Doc. 33)**

Plaintiff seeks to compel Defendants Jumper and Caraway to produce (1) unredacted copies of their respective employment contracts with Liberty Healthcare Corporation ("Liberty"); (2) an unredacted copy of the contract between Liberty and the Illinois Department of Human Services (IDHS); (3) unredacted copies of all IDHS administrative directives and policies issued to Defendants related to their roles, if any, on the IDHS Review Committee; and (4) a complete roster of Liberty staff currently employed at Rushville TDF and supervised by the Defendants.

> The federal discovery rules provide:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Defendants objected to Plaintiff's requests as irrelevant and overbroad, and they indicated that they do not possess a copy of the contract between Liberty and IDHS. They produced a copy of the Illinois Administrative Code related to rule violations, and affidavits indicating that they never served on the IDHS Review Committee.

The affirmative defenses Defendants assert in their answer do not reference their personal employment contracts with Liberty. *See* (Doc. 17 at 2). Most of the information likely disclosed in these contracts is not relevant to any basis Defendants may have had to take the actions Plaintiff claims violated his First Amendment rights. Plaintiff may request, and will likely obtain, information related to Defendants' respective job duties, performance objectives, and restrictions through discovery requests specifically requesting this information.

Defendants are also not required to produce documents merely because they have access to them via their employment. *See Robinson v. Moskus*, 491 F. Supp. 3d 359, 361 (C.D. Ill. 2020) (mere ability to access documents or request them from a third party does not establish that a party has "possession, custody, or control" of the documents for purposes of the federal discovery rules). Liberty is not a defendant in this case, and Plaintiff should have access to their contract with IDHS via other avenues for requesting public information. The same holds true regarding Illinois administrative regulations.

The request for an entire roster of employees who may or may not have been involved in the alleged events is not proportional to the needs of this case. The Court finds that Defendants' responses to Plaintiff's discovery requests were appropriate.

**It is therefore ordered that Plaintiff's motions (Docs. [24], [33]) are denied.**
Entered this 31st day of January, 2023.

*s/Jonathan E. Hawley*
JONATHAN E. HAWLEY
UNITED STATES MAGISTRATE JUDGE
