UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DAVID BURGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4006 |
| | ) | |
| GREG DONATHAN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se and presently detained at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a First Amendment claim related to alleged restrictions that prevent him from possessing certain materials. The matter comes before this Court for ruling on Plaintiff's Motion for Preliminary Injunction. (Doc. 47). The motion is denied.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Absent such a relationship, a court lacks the authority to grant the injunctive relief requested. *Id.*

TDF policy permits residents to possess flash drives "for legal purposes only (i.e. storage of legal research/documents)." (Doc. 47-1 at 1). On March 24, 2023, the TDF's Assistant Program Director who is not a defendant in this case, issued a memo stating in relevant part:

> Beginning on April 10, 2023, flash drives will be collected from all residents one unit at a time. Flash drives will be reviewed for any files other than legal work. If your flash drive contains files other than legal work, remove those files before flash drive collection. If your flash drive contains images related to legal work, please notify Commissary staff on the turn in date. TDF staff will not read your legal files.
>
> If your flash drive contains files other than legal work on the review date, an incident report will be written. You may receive a rule violation and flash drive restrictions may apply. Your flash drive will be considered contraband, and you will be required to destroy it or send it out at your expense per policy.

(Doc. 47-1 at 2). Residents who seek access to their flash drives thereafter must check them out from TDF officials during assigned times in the computer lab. *Id.* at 2. Under the new policy, flash drives found in a resident's possession are considered contraband. *Id.*

Plaintiff asks the Court to enjoin enforcement of the new policy. He states that his "entire purpose for purchasing the flash drive was to place legal work on it and have ready access to its contents at those times when he could not access the law library or computer." (Doc. 47 at 2-3). He asserts that the search and storage of the flash drive amounts to an unreasonable search and

seizure under the Fourth Amendment. Plaintiff asserts further that the files on his flash drive are privileged work product because he is acting as his own attorney. *Id.* at 3.

Decisions regarding property TDF residents are allowed to possess are the types of decisions with which courts traditionally do not interfere. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (Officials responsible for managing the facilities "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."). Plaintiff and other confined individuals do not have a legitimate expectation of privacy in the property prison officials permit them to possess, and, absent a constitutionally recognized privacy interest, the protections of the Fourth Amendment do not apply. *Hudson v. Palmer*, 468 U.S. 517, 525-27 (1984). Regardless, nothing suggests that the expected search and possession of Plaintiff's flash drive is unreasonable or unrelated to the legitimate interests TDF officials have in enforcing their rules and protecting the integrity of the facility's computer systems.

Plaintiff's limited access to his electronically stored legal documents implicates the First Amendment only if the lack of access prejudices an otherwise meritorious legal claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights."). This type of First Amendment claim, and any other constitutional violations arising from execution of the policy, are not related to the First Amendment pornography claim Plaintiff alleges in this lawsuit, thus requiring litigation in a separate lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules

for joining claims and defendants."). For the same reason, the Court lacks authority to issue the injunctive relief Plaintiff seeks in his motion.

The Court finds that Plaintiff has not shown a reasonable likelihood of success on the merits and that the injunctive relief he seeks is unrelated to the claims at issue in this case.

**It is therefore ordered that Plaintiff's Motion for Preliminary Injunction [47] is denied.**

Entered this 14th day of April, 2023.

*s/Jonathan E. Hawley*
JONATHAN E. HAWLEY
UNITED STATES MAGISTRATE JUDGE
